UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WARREN RICHARDS, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOOSE CREEK CANDLES LLC <br><br> Defendant. | Case No.: 25-cv-1188-JRS-MJD |

**CASE MANAGEMENT PLAN**

**I.** **Parties and Representatives**

    A.    Plaintiff: Warren Richards

          Defendant: Goose Creek Candles LLC

    B.    Counsel for Plaintiff:

          Anthony I. Paronich
          PARONICH LAW, P.C.
          350 Lincoln Street, Suite 2400
          Hingham, MA 02043
          Tel: (617) 485-0018
          Fax: (508) 318-8100
          anthony@paronichlaw.com

          Counsel for Defendant:

          Chadwick A. McTighe
          STITES & HARBISON, PLLC
          400 W. Market St., Suite 1800
          Louisville, KY 40202
          Tel: (502) 587-3400
          cmctighe@stites.com

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.   Jurisdiction and Statement of Claims**

    A.    The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

          This Court has jurisdiction under 47 U.S.C. § 227 as Plaintiff asserts claims for alleged violations of the federal Telephone Consumer Protection Act.

    B.    Plaintiff brings suit under 47 U.S.C. § 227(c)(5), which, pertinent here, makes it illegal to places calls to numbers listed on the National Do Not Call Registry.

    C.    Defendant denies it violated any provisions of 47 U.S.C. § 227 as Plaintiff alleges in his complaint.

**III.   Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 29, 2025**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **October 6, 2025**

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **October 13, 2025.**

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **October 31, 2025.**

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **October 6, 2025**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

    F.    Plaintiff shall disclose the name, address, and vita of any expert witness with regard to class certification issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **January 6, 2026**. Defendant shall disclose the name, address, and vita of any expert witness with regard to class certification issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **February 9, 2026**. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **May 29, 2026**. Defendant shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **June 29, 2026**. Plaintiff

   shall disclose the name, address, and vita of any expert witness with regard to damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **October 16, 2026**.  Defendant shall disclose the name, address, and vita of any expert witness with regard to damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **November 16, 2026**.

G. Omitted.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 1, 2027**.  Any party who wishes to preclude expert witness testimony at the class certification or summary judgment stage shall file any such objections with their responsive brief within the briefing schedules set forth below.

I. All parties shall file and serve their final witness and exhibit lists on or before **November 17, 2026**. This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**,[1] each specific document that may be offered at the trial of this matter.  No individual not identified by name in the final witness list may testify at the trial of this matter.  No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.  Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format. If the parties subsequently agree to produce ESI in other than its native format, and if thereafter a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

   In the event that a document protected by the attorney-client privilege, the

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery and Dispositive Motions**

    A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  **Yes**.

    Defendant anticipates that it may seek summary judgment for one or more of the following reasons: That Defendant did not call Plaintiff; that Defendant is not vicariously liable for the acts of the unknown entity that called Plaintiff; that Defendant does not use an artificial or prerecorded voice to make calls; and/or that Plaintiff consented to receiving the calls at issue.

    B. On or before **August 19, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.  A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

    C. Discovery relating to liability issues, including liability expert witness discovery, shall be completed by **August 14, 2026**; all remaining discovery shall be completed by **January 15, 2027**.

    D. Defendant shall file any dispositive motion on or before **September 11, 2026**; Plaintiff shall respond to Defendant's dispositive motion, and shall include any cross-dispositive motion, on or before **October 9, 2026**; Defendant shall respond to Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendant's dispositive motion, on or before **November 6, 2026**; Plaintiff shall file any reply in support of his cross-dispositive motion on or before **November 20, 2026**.  If Plaintiff does not file a cross-dispositive motion, Defendant shall file any reply in support of its dispositive motion on or before **October 26, 2026**.

    E. Plaintiff shall file any motion for class certification on or before **February 16,**

**2026**; any response to the motion shall be filed on or before **March 9, 2026**, and any reply in support of the motion shall be filed on or before **March 23, 2026**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

V. **Pre-Trial/Settlement Conferences**
The parties recommend a settlement conference in January 2026.

VI. **Trial Date**

This matter will be ready for trial in or after **June, 2027**. The trial is by **jury** and is anticipated to take **3-5 days**.

VII. **Referral to Magistrate Judge**

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  | |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 11, 2026** |
| X | DISCOVERY SHALL BE COMPLETED BY **August 14, 2026** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated: 17 SEP 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.