# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WARREN RICHARDS, on behalf of himself and others similarly situated,

    Plaintiff,

v.

GOOSE CREEK CANDLES LLC,

    Defendant.

CASE NO. 1:25-CV-1188-JRS-MJD

## GOOSE CREEK CANDLES LLC'S AMENDED ANSWER

Goose Greek Candles LLC, for its Amended Answer to Plaintiff's Complaint, states as follows:

1. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1 and, therefore denies same.

2. Goose Creek denies the allegations in paragraph 2.

### Jurisdiction and Venue

3. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 3 and, therefore denies same.

4. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4 and, therefore denies same.

5. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 5 and, therefore denies same.

### Parties

6. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 and, therefore denies same.

7. That it admits the allegations contained in rhetorical paragraph 7.

**Factual Allegations**

8. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8 and, therefore denies same.

9. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 9 and, therefore denies same.

10. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 and, therefore denies same.

11. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 and, therefore denies same.

12. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12 and, therefore denies same.

13. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 and, therefore denies same.

14. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 and, therefore denies same.

15. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15 and, therefore denies same.

16. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16 and, therefore denies same.

17. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 and, therefore denies same.

18. Goose Creek lacks sufficient knowledge or information to admit or deny the

allegations in paragraph 18 and, therefore denies same.

19. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19 and, therefore denies same.

20. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20 and, therefore denies same.

21. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 and, therefore denies same.

22. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22 and, therefore denies same.

23. Goose Creek denies the allegations in paragraph 23.

24. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24 and, therefore denies same.

**Class Action Allegations**

25. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25 and, therefore denies same.

26. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26 and, therefore denies same.

27. Goose Creek denies the allegations in paragraph 27.

28. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 and, therefore denies same.

29. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 29 and, therefore denies same.

30. Goose Creek lacks sufficient knowledge or information to admit or deny the

allegations in paragraph 30 and, therefore denies same.

31. Goose Creek denies the allegations in paragraph 31.

32. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32 and, therefore denies same.

33. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33 and, therefore denies same.

34. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34 and, therefore denies same.

35. Goose Creek denies the allegations in paragraph 35.

36. Goose Creek denies the allegations in paragraph 36.

37. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37 and, therefore denies same.

38. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38 and, therefore denies same.

39. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 39 and, therefore denies same.

40. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40 and, therefore denies same.

41. Goose Creek lacks sufficient knowledge or information to admit or deny the allegations in paragraph 41 and, therefore denies same.

42. Goose Creek denies the allegations in paragraph 42.

43. Goose Creek denies the allegations in paragraph 43.

44. Goose Creek denies the allegations in paragraph 44.

45. Goose Creek denies the allegations in paragraph 45.

46. Goose Creek denies the allegations in paragraph 46.

47. Goose Creek denies the allegations in paragraph 47.

48. Goose Creek denies the allegations in paragraph 48.

49. Goose Creek denies the allegations in paragraph 49.

50. Goose Creek denies the allegations in paragraph 50.

51. Goose Creek denies the allegations in paragraph 51.

52. Groose Creek denies the allegations in paragraph 52.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**

53. Goose Creek incorporates by reference its answers to paragraphs 1 through 52.

54. With regard to paragraph 54, Goose Creek states that the case cited speaks for itself. Goose Creek denies any allegations in such paragraph which mischaracterize the ruling in the cited case.

55. With regard to paragraph 55, Goose Creek states that the cases cited speak for itself. Goose Creek denies any allegations in such paragraph which mischaracterize the ruling in the cited case.

56. With regard to paragraph 56, Goose Creek states that the regulation cited speaks for itself. Goose Creek denies any allegations in such paragraph which mischaracterize the cited statute.

57. With regard to paragraph 57, Goose Creek states that the regulation cited speaks for itself. Goose Creek denies any allegations in such paragraph which mischaracterize the cited statute.

58. With regard to paragraph 58, Goose Creek states that the statute cited speaks for

5

itself. Goose Creek denies any allegations in such paragraph which mischaracterize the cited statute.

59. Goose Creek denies the allegations in paragraph 59.

60. Goose Creek denies the allegations in paragraph 60.

61. Goose Creek denies the allegations in paragraph 61.

## FIRST AFFIRMATIVE DEFENSE

Any allegations of the Complaint not specifically admitted above are denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and members of the putative class are subject to valid and enforceable arbitration agreements and/or class action waivers, which preclude class treatment.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims may be barred, in whole or in part, by the doctrine of laches due to his unreasonable delay in asserting such claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims may barred, in whole or in part, by waiver, release, accord and satisfaction, or other settlement.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class failed to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims may be barred, in whole or in part, by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims may be barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class lack standing to assert some or all of the claims alleged, and Plaintiff lacks standing to represent the claims of absent putative class members.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims fail to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, including but not limited to commonality, typicality, adequacy of representation, predominance, superiority, and ascertainability.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class cannot establish injury or damages on a class-wide basis, and individualized inquiries will predominate over any common issues.

**TWELFTH AFFIRMATIVE DEFENSE**

Certification of the putative class would violate Defendant's rights under the Due Process Clause of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Goose Creek has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. Plaintiff and the putative class have no basis to demand treble damages, as Goose Creek did not engage in any willful or knowing violation of the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Goose Creek has received consent to make calls to the phone number identified by Plaintiff in his complaint or to any member included in the putative class, whether through customer agreements, written or verbal statements, or otherwise, the claim of Plaintiff or any such putative class member would be barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses that may become known through discovery or further investigation.

WHEREFORE, Defendant, Goose Creek Candles, LLC, respectfully requests that Plaintiff take nothing by way of his Complaint, for its costs expended herein and for all other relief to which it is legally entitled.

    Respectfully submitted,

*/s/ Alisa Micu*
Chadwick A. McTighe
Alisa Micu
Stites & Harbison PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202
Tel: (502) 587-3400
E-mail: cmctighe@stites.com
E-mail: amicu@stites.com

*Counsel for Goose Creek Candles LLC*

## CERTIFICATE OF SERVICE

  I certify that I served the foregoing document on the following counsel of record by email on October 31, 2025:

Anthony I. Patronich
350 Lincoln Street, Suite 2400
Hingham, MA 02042
anthony@patronichlaw.com

              /s/ *Alisa Micu*
              Counsel for Goose Creek Candles LLC

10577395:v1

9