UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN RICHARDS, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOOSE CREEK CANDLES LLC, <br><br> Defendant. | CASE NO. 1:25-CV-1188-JRS-MJD |

**AMENDED CASE MANAGEMENT PLAN**

By joint motion of the parties to extend the remaining deadline in the Case Management Plan entered on September 17, 2025 (DN 21), and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the joint motion is GRANTED, and the Case Management Plan (DN 21) is amended as follows:

The parties incorporate the terms of the Case Management Plan entered on September 17, 2025 (DN 21), with changes to dates in the remaining paragraphs as listed below.

**III.    Pretrial Pleadings and Disclosures**

F.  Plaintiff has disclosed the name, address, and vita of any expert witness with regard to class certification issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **January 6, 2026**. Defendant shall disclose the name, address, and vita of any expert witness with regard to class certification issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **April 9, 2026**. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **July 29, 2026**. Defendant shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **June 28, 2026**. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to

      damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **December 16, 2026**. Defendant shall disclose the name, address, and vita of any expert witness with regard to damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **January 15, 2027**.

G.     Omitted.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **April 1, 2027**. Any party who wishes to preclude expert witness testimony at the class certification or summary judgment stage shall file any such objections with their responsive brief within the briefing schedules set forth below.

I.     All parties shall file and serve their final witness and exhibit lists on or before **January 18, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**,[1] each specific document that may be offered at the trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format. If the parties subsequently agree to produce ESI in other than its native format, and if thereafter a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery and Dispositive Motions**

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Yes**.

Defendant anticipates that it may seek summary judgment for one or more of the following reasons: That Defendant did not call Plaintiff; that Defendant is not vicariously liable for the acts of the unknown entity that called Plaintiff; that Defendant does not use an artificial or prerecorded voice to make calls; and/or that Plaintiff consented to receiving the calls at issue.

B. On or before **October 19, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C. Discovery relating to liability issues, including liability expert witness discovery, shall be completed by **October 14, 2026**; all remaining discovery shall be completed by **March 15, 2027**.

D. Defendant shall file any dispositive motion on or before **November 11, 2026**; Plaintiff shall respond to Defendant's dispositive motion, and shall include any cross-dispositive motion, on or before **December 9, 2026**; Defendant shall respond to Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendant's dispositive motion, on or before **January 6, 2027**; Plaintiff shall file any reply in support of his cross-dispositive motion on or before **January 20, 2027**. If Plaintiff does not file a cross-dispositive motion,

        Defendant shall file any reply in support of its dispositive motion on or before **December 28, 2026**.

E.      Plaintiff shall file any motion for class certification on or before **April 16, 2026**; any response to the motion shall be filed on or before **May 11, 2026**, and any reply in support of the motion shall be filed on or before **May 25, 2026**.

        <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

        If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

No changes are being made to the remaining paragraphs, V through VIII, in DN 21, which are incorporated into this Amended Case Management Plan.

SO ORDERED.

DATE:

                                                                 _____
                                                                 JUDGE, U.S. DISTRICT COURT
                                                                 SOUTHERN DISTRICT OF INDIANA

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

10904989:v1